UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YUL SINGLETON** | **CIVIL ACTION** |
| **VERSUS** | **NO.  09-3188** |
| **LYNN COOPER** | **SECTION "I"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.    Factual and Procedural Background**

The petitioner, Yul Singleton ("Singleton"), is a convicted inmate incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.[2] On November 18, 2002, Singleton, and

---

[1] Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 4.

a co-defendant, Lavelle Norman, were charged by bill of information in Jefferson Parish with the armed robbery of Kendra Roussell.[3]

The record reflects that, on August 20, 2002, Roussell was returning to her grandmother's house when she noticed a car that "scurried around the neighborhood," then "into the curve where [her] grandmother stayed."[4] After a couple of minutes, one of the occupants, later identified as Singleton, got out of the car and tried to have a conversation with her. After she told him that she was not giving out any information, Singleton pulled out a silver gun, placed it to her ear, and "cocked it back." He asked for her earrings, and she tried to comply. She could only take one earring out, because she was so nervous. Singleton yanked the second one out of her ear.

When Singleton started to walk back to the car, Roussell ran to the bushes. After Singleton looked back at her, she waited a few moments until she thought everything was clear. Roussell testified at trial that she was so afraid that it felt "like everything stopped, the cars passing, just everything." Roussell also testified that it did not take a second for her to recognize Singleton in the second photograph in the photographic line-up as the person who robbed her. She also identified Singleton at trial.

The co-defendant, Lavelle Norman testified that on August 20, 2002, he was driving a car owned by Stephanie Carter in which Singleton was a passenger. Between six and eight o'clock, they saw a female, later identified as Roussell, in a car at the intersection of Hector and Wright streets, in Gretna, Louisiana. He and Singleton passed Roussell up once as they passed through the

---

[3]St. Rec. Vol. 1 of 3, Bill of Information, 11/8/02.

[4]The facts were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal. *State v. Singleton*, 923 So.2d 803, 806 (La. App. 5th Cir. 2006); St. Rec. Vol. 1 of 3, 5th Cir. Opinion, 05-KA-634, pp. 2-3, 2/14/06.

neighborhood, and then stopped near her. Singleton got out of the car and approached Roussell. Singleton did not tell him until later "[t]hat he robbed the little female of some earrings."

On November 6, 2003, Singleton entered a plea of guilty to the amended charge of accessory after the fact to robbery and was sentenced to serve five years in prison.[5] Thereafter, on January 27, 2004, Singleton was tried before a jury, and was found guilty as charged.[6] The trial court sentenced him on February 5, 2004, to serve 35 years in prison without benefit of parole, probation, or suspension of sentence.[7] The court also granted counsel's motion for an appeal.

On April 29, 2004, Singleton filed pro se a motion for a new trial, which the trial court denied because of the pending appeal.[8] The court also denied other motions from Singleton seeking copies of documents and transcripts in light of the appeal .[9]

On direct appeal, Singleton's counsel argued that the sentence was illegal and excessive.[10] Singleton also filed a brief raising the following assignments of error: (1)(a) the Trial Court erred in denying the motion to suppress the identification, and (b) counsel was ineffective for failure to object to the perjured testimony of Roussell; (2) both Roussell and Norman gave perjured testimony at trial; (3) the State failed to introduce Norman's statement and suppressed his agreement to testify;

---

[5] St. Rec. Vol. 1 of 3, Plea Minutes (Norman), 11/6/03; Waiver of Constitutional Rights Plea of Guilty, 11/6/03; Bill of Information, 11/8/02 (handwritten amendment dated 11/6/03).

[6] St. Rec. Vol. 1 of 3, Trial Minutes, 1/27/04; Jury Verdict, 1/27/04; St. Rec. Vol. 2 of 3, Trial Transcript, 1/27/04.

[7] St. Rec. Vol. 1 of 3, Sentencing Minutes, 2/5/04; St. Rec. Vol. 2 of 3, Sentencing Transcript, 2/5/04.

[8] St. Rec. Vol. 1 of 3, Motion for New Trial, 4/29/04; Trial Court Order, 5/6/04.

[9] St. Rec. Vol. 1 of 3, Motion for Production of Trial Transcript, 9/27/04; Trial Court Order, 10/5/04; Motion for Discovery, 10/17/05.

[10] St. Rec. Vol. 2 of 3, Appeal Brief, 05-KA-634, 7/12/05.

and (4) counsel was ineffective for inadequate cross-examination of Roussell and failure to object to the State's failure to disclose information.

On February 14, 2006, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence.[11] The court held that the sentence was not excessive, the trial court did not err in denying the motion to suppress, and counsel was not ineffective. The court also determined that Singleton waived his right to challenge the allegedly perjured testimony and the admission of Norman's statement because he did not make a contemporaneous objection at trial or at the suppression hearing as required by La. Code Crim. P. art. 841(A) and state case law. In addition, the court noted that Norman's statement and plea were not suppressed. The court also determined that the perjury claim also was without merit. The Court finally ordered the trial court to notify Singleton of the post-conviction delays. The trial court complied on March 2, 2006.[12]

On March 6, 2006, Singleton submitted a timely[13] writ application which was filed with the Louisiana Supreme Court on May 23, 2006, raising the four pro se claims submitted on appeal.[14] The Louisiana Supreme Court denied the writ application without stated reasons on November 17, 2006.[15] Singleton's conviction became final 90 days later, on February 15, 2007, because he did not

---

[11]*State v. Singleton*, 923 So.2d at 803; St. Rec. Vol. 1 of 3, 5th Cir. Opinion, 05-KA-634, 2/14/06.

[12]St. Rec. Vol. 1 of 3, Notification of Prescriptive Period for Post Conviction Relief, 3/2/06.

[13]La. S.Ct. R. X § 5(a) provides that an application seeking review of the judgment of the court of appeal shall be filed or postmarked within 30 days of the issuance of the judgment. The applicable mailbox rule also considers the filing date to be the date upon which the inmate presents his pleading to prison officials for mailing to the state court. *See Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006); *accord*, *Marshall v. Cain*, 155 Fed. Appx. 769, 2005 WL 3115095 (5th Cir. Nov. 22, 2005) (mailbox rule controls under La. S. Ct. Rule X § 5). Singleton's writ application was submitted within 30 days of the appellate court's order issued February 14, 2006.

[14]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 06-KO-1208, 5/23/06 (postal metered 3/6/06); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2006-KO-1208, 5/23/06 (showing postal meter of 3/6/06).

[15]*State v. Singleton*, 942 So.2d 532 (La. 2006); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2006-KO-1208, 11/17/06.

file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999)(period for filing for certiorari with the United States Supreme Court is considered in the finality determination under Title 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

On March 6, 2007, Singleton submitted an application for post-conviction relief to the trial court in which he raised three grounds for relief:[16] (1) counsel was ineffective for failure to discover and request *Brady* information, police reports, and perjured testimony of the co-defendant; (2) the State withheld *Brady* information regarding perjured testimony at trial; and (3) the States used the perjured testimony and identification testimony at trial. On April 24, 2007, the trial court denied relief finding that the petition was repetitive under La. Code Crim. P. art. 930.4(A),[17] because it raised claims addressed on direct appeal.[18]

Singleton sought review of this ruling in the Louisiana Fifth Circuit.[19] On June 28, 2007, the Court affirmed the denial of relief as to Singleton's *Brady* and perjured testimony claims as repetitive.[20] The Court, however, remanded the ineffective assistance of counsel claim for further consideration finding that it was not raised on direct appeal.

---

[16] St. Rec. Vol. 1 of 3, Uniform Application for Post-Conviction Relief, 3/14/07 (dated 3/6/07).

[17] La. Code Crim. P. art. 930.4(A) provides that "[u]nless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered."

[18] St. Rec. Vol. 1 of 3, Trial Court Order, 4/24/07.

[19] The record does not contain a copy of this writ application.

[20] St. Rec. Vol. 1 of 3, 5th Cir. Order, 07-KH-384, 6/28/07.

On July 3, 2007, the trial court again denied relief finding that Singleton failed to establish a deficient performance or prejudice under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).[21]  Singleton did not seek review of this order.

Almost seven months later, on January 15, 2008, Singleton submitted a "Motion to Enforce" to the Louisiana Fifth Circuit seeking an order to have the trial court rule on the remanded post-conviction issue.[22]  The court denied the application as moot on March 11, 2008, because the trial court had ruled on July 3, 2007.[23]  The Louisiana Supreme Court denied Singleton's related writ application without stated reasons on January 16, 2009.[24]

Singleton, in the meantime, on September 18, 2008, submitted another writ application seeking review of his previously filed post-conviction writ applications pursuant to *State v. Cordero*, 993 So.2d 203 (La. 2008).[25]  The court denied the application on January 30, 2009, finding that he was not entitled to relief under *Cordero*.[26]

---

[21]St. Rec. Vol. 1 of 3, Trial Court Order, 7/3/07.

[22]*See*, St. Rec. Vol. 3 of 3, Motion to Enforce, dated 1/15/08.

[23]St. Rec. Vol. 1 of 3, 5th Cir. Order, 08-KH-81, 3/11/08.

[24]*State ex rel. Singleton v. State*, 998 So.2d 96 (La. 2009); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2008-KH-0853, 1/16/09; La. S. Ct. Writ Application, 08-KH-853, 4/23/08 (postal metered 4/2/08, dated 4/2/08); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2008-KH-853, 4/23/08 (showing postal meter of 4/2/08).

[25]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 08-KH-2386, 10/1/08 (postal metered 9/19/08, dated 9/18/08); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2008-KH-2386, 10/1/08 (showing postal meter of 9/19/08). In *Cordero*, the court addressed accusations by former Director of Central Staff Jerold B. Peterson, that during his tenure, the Louisiana Fifth Circuit issued summary dismissals without judicial review of pro se post-conviction writ applications filed in the Louisiana Fifth Circuit.

[26]*State ex rel. Singleton v. State*, 999 So.2d 753 (La. 2009); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2008-KH-2386, 1/30/09.

Thereafter, on March 30, 2009, Singleton wrote a letter to the trial court requesting a reduction in his sentence based on his rehabilitation in prison.[27] The trial court commended him on his achievements and denied relief citing La. Code Crim. P. art. 881 which prohibits the amendment of a sentence at hard labor that the defendant has begun to serve.[28]

## II.    Federal Petition

On April 28, 2009, the Clerk of this Court filed Singleton's federal petition for habeas corpus relief in which he raises three grounds for relief:[29] (1) he was denied effective assistance of counsel; (2) the State withheld significant, exculpatory and impeachment evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (3) the State knowingly used the perjured testimony of Kendra Roussell to gain the conviction.

Specifically, Singleton argues that his counsel was ineffective for failure to investigate and timely file pretrial motions for discovery, obtain impeachment material related to the State's witnesses, and move for production of a copy of the initial police incident report. Although he labels his second claim as a violation of *Brady*, he argues that the State allowed Roussell and Norman to give perjured testimony which was contrary to the testimony given at the suppression hearing. In the third claim, he similarly argues that the State knowingly used Roussell's perjured testimony at trial.

The State filed a response in opposition to Singleton's petition arguing that his ineffective assistance of counsel claim has not been exhausted in the state courts and is otherwise without merit.

---

[27]St. Rec. Vol. 1 of 3, Letter to Trial Court, 4/13/09 (dated 3/30/09).

[28]St. Rec. Vol. 1 of 3, Trial Court Order, 4/27/09.

[29]Rec. Doc. No. 4.

7

In addition, to the extent his second claim asserts a *Brady* issue, it too is without merit. Finally, his claims alleging the use of perjured testimony is procedurally barred from review.[30]

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[31] applies to this petition, which is deemed filed in this Court no later than February 25, 2009.[32] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State in this case argues that Singleton's ineffective assistance of counsel claim is not exhausted. The State also contends that Singleton's claims alleging the use of perjured testimony

---

[30]Rec. Doc. No. 11.

[31]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[32]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Singleton's federal habeas petition on April 28, 2009, when the filing fee was received. Singleton signed the memorandum in support of his petition on February 25, 2009, in spite of the fact that some portion of his petition was dated March 10, 2009, a week after his motion to proceed as a pauper was filed. Because the Court finds that his federal petition is timely, there is no need to resolve which date, if either is the earliest date on which he could have delivered the packet of papers to prison officials for mailing. The fact that he later paid the filing fee also would not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

are procedurally barred from federal review. The Court will first address the State's exhaustion defense, which is dispositive of Singleton's petition.

## IV.     **Failure to Exhaust**

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin*

*v. Reese*, 541 U.S. 27, 32 (2004). Furthermore, a prisoner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id.*, at 32.

In this case, a review of the claims raised in Singleton's writ applications to the Louisiana Supreme Court compared to those claims presented here reveals that Singleton has not exhausted the arguments asserted in support of the ineffective assistance of counsel claim brought in his federal petition. A review of Singleton's applications presented to the Louisiana Supreme Court, reflect that Singleton raised only three grounds for relief to that Court related to ineffective assistance of counsel, leaving his numerous other arguments unexhausted. Even when ineffective assistance of counsel is raised in the state courts, the claim is not exhausted where the petitioner did not raise or mention the same basis in the state court proceedings that are asserted in a federal petition. *See Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir. 2002) ("Because Ogan is now proceeding on a different theory than that advanced in the state habeas court, we find this ineffectiveness of habeas counsel claim to be unexhausted."); *Burns v. Estelle*, 695 F.2d 847, 849-50 (5th Cir. 1983) (factual bases underlying the ineffective assistance of counsel claim were "significantly different" from those raised in state court, and therefore, were not exhausted).

The Court first notes that the record demonstrates that Singleton has exhausted state court remedies as to the claims asserting a *Brady* violation and the use of perjured testimony. The question here is Singleton's failure to fully exhaust the ineffective assistance of counsel claim. The Court finds that the claim is not fully exhausted for the reasons set forth below.

In this federal petition, Singleton raises the following allegations in support of his ineffective assistance of counsel claim: (1) counsel failed to investigate the basis for Norman's testimony or

expose the plea deal between the State and Norman; (2) counsel allowed Singleton to be wrongfully convicted; (3) counsel failed to professionally perform his duty to represent Singleton; (4) his failure to investigate and perform caused a meaningless appeal; (5) counsel failed to file a motion to reconsider the sentence which impeded review of the sentence on appeal; (6) counsel failed to timely file pretrial motions for discovery and impeachment material related to Roussell and Norman; counsel failed to timely file for production of the initial police report; (7) counsel failed to adequately investigate by obtaining Norman's pretrial statement and the police report; and (8) counsel failed to file a pretrial motion to suppress Norman's perjured statements.

Singleton has not presented his third and fifth bases, failure to file a motion to reconsider the sentence and unprofessional performance, to any state court. This failure to present these arguments to the state courts renders them unexhausted through the state court system.

Singleton did raise the remaining grounds to the state trial court in his application for post-conviction relief. He did not, however, present any of his arguments to the Louisiana Fifth Circuit for review after relief was denied in the trial court. As detailed above, he instead only filed a "motion to enforce" requesting the appellate court to order the trial court to rule on his ineffective assistance of counsel claim. That request was moot, and he did not seek review of the trial court's ruling in the appellate court. Thus, his failure to present each of these arguments to each level of the Louisiana courts in a procedurally proper manner also is sufficient to render these claims unexhausted. *See Wilder*, 274 F.3d at 259; *Baldwin*, 541 U.S. at 29.

Singleton also only submitted one of these arguments to the Louisiana Supreme Court, notwithstanding whether it was done so in a procedurally proper manner. Specifically, in his Louisiana Supreme Court writ application after direct appeal, Singleton alleged that counsel was

ineffective for failing to conduct meaningful cross-examination of Roussell and Norman to expose the perjured testimony related to the identification and to expose the *Brady* violation by the State.[33] In his post-conviction writ application to the Louisiana Supreme Court, Singleton argued two grounds in support of the ineffective assistance of counsel claim:[34] (1) counsel failed to timely file pretrial motions for discovery and impeachment material to challenge the testimony of Roussell and Norman; and (2) counsel failed to object to the obstruction of justice by police officers for providing false information about Roussell.[35]

Only one of the ineffective assistance of counsel arguments raised to the Louisiana Supreme Court is raised in this federal petition; that is, counsel failed to timely file pretrial motions for discovery and impeachment material to challenge the testimony of Roussell and Norman. Singleton did not present any of the remaining factual and legal arguments in support of his ineffective assistance of counsel claim to the Louisiana Supreme Court in a procedurally proper manner. *See Baldwin*, 541 U.S. at 32. This failure also renders these ineffective assistance of counsel claims unexhausted. *Ogan*, 297 F.3d at 358.

Singleton would have had to pursue relief of each of his arguments in support of the ineffective assistance of counsel claim through each level of the Louisiana courts, including the Louisiana Supreme Court, in order to exhaust available state court remedies. He has not done so. The record discloses no good cause for his failure to properly and fully exhaust his claims in the

---

[33]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 06-KO-1208, 5/23/06.

[34]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 08-KH-853, 4/23/08.

[35]Singleton's other *Cordero* writ application in 2008 did not address ineffective assistance of counsel at all.

state courts, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Therefore, Singleton's mixed petition, presenting both exhausted and unexhausted claims, should be dismissed without prejudice to allow him to pursue complete exhaustion, unless he chooses to dismiss the unexhausted claims. *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (quoting *Rose*, 455 U.S. at 510); *Whitehead*, 157 F.3d at 387.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Yul Singleton's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[36]

New Orleans, Louisiana, this 8th day of February, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[36] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.