**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

YUL SINGLETON                                          CIVIL ACTION

**VERSUS**                                             **NO.  09-3188**

**LYNN COOPER**                                        **SECTION "I"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Procedural History

On February 8, 2011, the undersigned Magistrate Judge issued a Report and Recommendation addressing the federal habeas corpus petition filed by Yul Singleton ("Singleton").[2]  In that report, the Court addressed the State's affirmative defense that Singleton failed to fully exhaust state court remedies as to his ineffective assistance of counsel claim.  In

---

[1]Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 13.

support of that claim, Singleton raised eight arguments: (1) counsel failed to investigate the basis

for Lavelle Norman's ("Norman") testimony or expose the plea deal between the State and Norman;

(2) counsel allowed Singleton to be wrongfully convicted; (3) counsel failed to professionally

perform his duty to represent Singleton; (4) counsel's failure to investigate and perform caused a

meaningless appeal; (5) counsel failed to file a motion to reconsider the sentence which impeded

review of the sentence on appeal; (6) counsel failed to timely file pretrial motions for discovery and

impeachment material related to Kendra Roussell ("Roussell") and Norman; and counsel failed to

timely file for production of the initial police report; (7) counsel failed to adequately investigate by

obtaining Norman's pretrial statement and the police report; and (8) counsel failed to file a pretrial

motion to suppress Norman's perjured statements.

After review of the record, the Court found that Singleton failed to exhaust available state

court remedies in a procedurally proper manner, and specifically failed to raise his third and fifth

arguments to any state court, that counsel failed to professionally perform his duty and failed to file

a motion to reconsider the sentence. For these reasons, and other listed therein, the Court

recommended that the mixed petition be dismissed without prejudice for failure to exhaust.

Singleton objected the report claiming that, under state law, he was not required to exhaust

his ineffective assistance of counsel claim based on counsel's failure to file a motion to reconsider

the sentence, and that claim should be considered *sua sponte*.[3] He also requested that all other

unexhausted claims be dismissed. Singleton's objection was entered into the record on February

28, 2011.

---

[3]Rec. Doc. No. 14.

That same day, apparently unaware of the contemporaneously docketed objection, the District Judge issued and Order and Judgment indicating that <u>no</u> objection had been filed and dismissed Singleton's petition without prejudice for failure to exhaust.[4]

The United States Fifth Circuit Court of Appeals found error in the Court's failure to consider Singleton's request to dismiss his unexhausted claims, and the Court considered the ineffective assistance of counsel claims to be abandoned, except for the argument that counsel failed to file a motion to reconsider which Singleton argued did not need to be exhausted. As to that claim, the Court offered no discussion regarding this Court's finding that the claim also had not been properly exhausted or presented in any manner to any state court.

Instead, the Fifth Circuit vacated the Court's judgment and remanded the matter for further proceedings, noting that it "express[es] no view on the ultimate disposition of the § 2254 application." Upon its return, the District Judge referred the matter to the undersigned for further proceedings consistent with the Fifth Circuit's judgment.[5] This report is in response to the District Court's referral.

Out of an abundance of caution, and based on the Fifth Circuit's reasoning, the undersigned recommends that Singleton's request to dismiss all but one of his ineffective assistance of counsel claims be granted and that the following ineffective assistance of counsel claims be dismissed as abandoned: (1) counsel failed to investigate the basis for Norman's testimony or expose the plea deal between the State and Norman; (2) counsel allowed Singleton to be wrongfully convicted; (3) counsel failed to professionally perform his duty to represent Singleton; (4) counsel's failure to

---

[4]Rec. Doc. Nos. 15, 16. Contrary to the Fifth Circuit's opinion, neither the order nor the judgment indicate that the District Judge considered the objections before entry of its ruling. *See* Rec. Doc. No. 27, p. 4.

[5]Rec. Doc. No. 29.

investigate and perform caused a meaningless appeal; (5) counsel failed to timely file pretrial motions for discovery and impeachment material related to Roussell and Norman and counsel failed to timely file for production of the initial police report; (6) counsel failed to adequately investigate by obtaining Norman's pretrial statement and the police report; and (7) counsel failed to file a pretrial motion to suppress Norman's perjured statements.

The Court will address the remaining claims remanded for further proceedings consistent with the Fifth Circuit's order.

## II.    State Factual and Procedural Background

The petitioner, Singleton, is a convicted inmate incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.[6]  On November 18, 2002, Singleton, and a co-defendant, Norman, were charged by bill of information in Jefferson Parish with the armed robbery of Roussell.[7]

The record reflects that, on August 20, 2002, Roussell was returning to her grandmother's house when she noticed a car that "scurried around the neighborhood," then "into the curve where [her] grandmother stayed."[8]  After a couple of minutes, one of the occupants, later identified as Singleton, got out of the car and tried to have a conversation with her.  After she told him that she was not giving out any information, Singleton pulled out a silver gun, placed it to her ear, and "cocked it back."  He asked for her earrings, and she tried to comply.  She could only take one earring out, because she was so nervous.  Singleton yanked the second one out of her ear.

---

[6]Rec. Doc. No. 4.

[7]St. Rec. Vol. 1 of 3, Bill of Information, 11/8/02.

[8]The facts were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal. *State v. Singleton*, 923 So.2d 803, 806 (La. App. 5th Cir. 2006); St. Rec. Vol. 1 of 3, 5th Cir. Opinion, 05-KA-634, pp. 2-3, 2/14/06.

When Singleton started to walk back to the car, Roussell ran to the bushes. After Singleton looked back at her, she waited a few moments until she thought everything was clear. Roussell testified at trial that she was so afraid that it felt "like everything stopped, the cars passing, just everything." Roussell also testified that it did not take a second for her to recognize Singleton in the second photograph in the photographic line-up as the person who robbed her. She also identified Singleton at trial.

The co-defendant, Lavelle Norman testified that on August 20, 2002, he was driving a car owned by Stephanie Carter in which Singleton was a passenger. Between six and eight o'clock, they saw a female, later identified as Roussell, in a car at the intersection of Hector and Wright streets, in Gretna, Louisiana. He and Singleton passed Roussell up once as they passed through the neighborhood, and then stopped near her. Singleton got out of the car and approached Roussell. Singleton did not tell him until later "[t]hat he robbed the little female of some earrings."

On November 6, 2003, Norman entered a plea of guilty to the amended charge of accessory after the fact to robbery and was sentenced to serve five years in prison.[9] Thereafter, on January 27, 2004, Singleton was tried before a jury, and was found guilty as charged.[10] The trial court sentenced him on February 5, 2004, to serve 35 years in prison without benefit of parole, probation, or suspension of sentence.[11] The court also granted counsel's motion for an appeal.

---

[9]St. Rec. Vol. 1 of 3, Plea Minutes (Norman), 11/6/03; Waiver of Constitutional Rights Plea of Guilty, 11/6/03; Bill of Information, 11/8/02 (handwritten amendment dated 11/6/03).

[10]St. Rec. Vol. 1 of 3, Trial Minutes, 1/27/04; Jury Verdict, 1/27/04; St. Rec. Vol. 2 of 3, Trial Transcript, 1/27/04.

[11]St. Rec. Vol. 1 of 3, Sentencing Minutes, 2/5/04; St. Rec. Vol. 2 of 3, Sentencing Transcript, 2/5/04.

On April 29, 2004, Singleton filed pro se a motion for a new trial, which the trial court denied because of the pending appeal.[12] The court also denied other motions from Singleton seeking copies of documents and transcripts in light of the appeal.[13]

On direct appeal, Singleton's counsel argued that the sentence was illegal and excessive.[14] Singleton also filed a pro se supplemental brief raising the following assignments of error: (1)(a) the Trial Court erred in denying the motion to suppress the identification, and (b) counsel was ineffective for failure to object to the perjured testimony of Roussell; (2) both Roussell and Norman gave perjured testimony at trial, evidence of which was withheld by the State; (3) the State failed to introduce Norman's statement and suppressed his agreement to testify; and (4) counsel was ineffective for inadequate cross-examination of Roussell and failure to object to the State's failure to disclose information.

On February 14, 2006, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence.[15] The court held that the sentence was not unconstitutionally excessive, the trial court did not err in denying the motion to suppress, and counsel was not ineffective. The court also determined that Singleton waived his right to challenge the alleged perjured testimony and the admission of Norman's statement, because he did not make a contemporaneous objection at trial or at the suppression hearing as required by La. Code Crim. P. art. 841(A) and state case law. The court alternatively determined that the perjury claim was without merit. The Court also remanded

---

[12] St. Rec. Vol. 1 of 3, Motion for New Trial, 4/29/04; Trial Court Order, 5/6/04.

[13] St. Rec. Vol. 1 of 3, Motion for Production of Trial Transcript, 9/27/04; Trial Court Order, 10/5/04; Motion for Discovery, 10/17/05.

[14] St. Rec. Vol. 2 of 3, Appeal Brief, 05-KA-634, 7/12/05.

[15] *State v. Singleton*, 923 So.2d at 803; St. Rec. Vol. 1 of 3, 5th Cir. Opinion, 05-KA-634, 2/14/06.

the matter solely for the trial court to notify Singleton of the post-conviction delays. The trial court complied with that decree on March 2, 2006.[16]

On March 6, 2006, Singleton submitted a timely[17] writ application which was filed with the Louisiana Supreme Court on May 23, 2006, raising the four pro se claims submitted on appeal.[18] The Louisiana Supreme Court denied the writ application without stated reasons on November 17, 2006.[19] Singleton's conviction became final 90 days later, on February 15, 2007, because he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

On March 6, 2007, Singleton submitted an application for post-conviction relief to the trial court in which he raised three grounds for relief:[20] (1) counsel was ineffective for failure to discover and request information under *Brady v. Maryland*, 373 U.S. 83 (1963), police reports, and perjured testimony of the co-defendant; (2) the State withheld *Brady* information regarding perjured testimony at trial; and (3) the State used the perjured testimony and identification testimony at trial.

---

[16] St. Rec. Vol. 1 of 3, Notification of Prescriptive Period for Post Conviction Relief, 3/2/06.

[17] La. S.Ct. R. X § 5(a) provides that an application seeking review of the judgment of the court of appeal shall be filed or postmarked within 30 days of the issuance of the judgment. The applicable mailbox rule also considers the filing date to be the date upon which the inmate presents his pleading to prison officials for mailing to the state court. *See Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006); *accord*, *Marshall v. Cain*, 155 Fed. Appx. 769, 2005 WL 3115095 (5th Cir. Nov. 22, 2005) (mailbox rule controls under La. S. Ct. Rule X § 5). Singleton's writ application was submitted within 30 days of the appellate court's order issued February 14, 2006.

[18] St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 06-KO-1208, 5/23/06 (postal metered 3/6/06); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2006-KO-1208, 5/23/06 (showing postal meter of 3/6/06).

[19] *State v. Singleton*, 942 So.2d 532 (La. 2006); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2006-KO-1208, 11/17/06.

[20] St. Rec. Vol. 1 of 3, Uniform Application for Post-Conviction Relief, 3/14/07 (dated 3/6/07).

On April 24, 2007, the trial court denied relief finding that the petition was repetitive under La. Code Crim. P. art. 930.4(A),[21] because it raised claims addressed on direct appeal.[22]

Singleton sought review of this ruling in the Louisiana Fifth Circuit.[23] On June 28, 2007, the Court affirmed the denial of relief as to Singleton's *Brady* and perjured testimony claims as repetitive.[24] The Court, however, remanded the ineffective assistance of counsel claim for further consideration finding that it was not raised on direct appeal.

On July 3, 2007, the trial court again denied relief finding that Singleton failed to establish a deficient performance or prejudice under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).[25] Singleton did not seek review of this order.

Almost seven months later, on January 15, 2008, Singleton submitted a "Motion to Enforce" to the Louisiana Fifth Circuit seeking an order to have the trial court rule on the remanded post-conviction issue.[26] The court denied the application as moot on March 11, 2008, because the trial

---

[21]La. Code Crim. P. art. 930.4(A) provides that "[u]nless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered."

[22]St. Rec. Vol. 1 of 3, Trial Court Order, 4/24/07.

[23]The record does not contain a copy of this writ application.

[24]St. Rec. Vol. 1 of 3, 5th Cir. Order, 07-KH-384, 6/28/07.

[25]St. Rec. Vol. 1 of 3, Trial Court Order, 7/3/07.

[26]*See*, St. Rec. Vol. 3 of 3, Motion to Enforce, dated 1/15/08.

court had ruled on July 3, 2007.[27] The Louisiana Supreme Court denied Singleton's related writ application without stated reasons on January 16, 2009.[28]

Singleton, in the meantime, on September 18, 2008, submitted another writ application seeking review of his previously filed post-conviction writ applications pursuant to *State v. Cordero*, 993 So.2d 203 (La. 2008).[29] The court denied the application on January 30, 2009, finding that he was not entitled to relief under *Cordero*.[30]

Thereafter, on March 30, 2009, Singleton wrote a letter to the trial court requesting a reduction in his sentence based on his rehabilitation in prison.[31] The trial court commended him on his achievements and denied relief citing La. Code Crim. P. art. 881, which prohibits the amendment of a sentence at hard labor that the defendant has begun to serve.[32]

## III. Federal Petition

On April 28, 2009, the clerk of this Court filed Singleton's federal petition for habeas corpus relief in which he raised three grounds for relief:[33] (1) ineffective assistance of counsel; (2) the State

---

[27]St. Rec. Vol. 1 of 3, 5th Cir. Order, 08-KH-81, 3/11/08.

[28]*State ex rel. Singleton v. State*, 998 So.2d 96 (La. 2009); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2008-KH-0853, 1/16/09; La. S. Ct. Writ Application, 08-KH-853, 4/23/08 (postal metered 4/2/08, dated 4/2/08); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2008-KH-853, 4/23/08 (showing postal meter of 4/2/08).

[29]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 08-KH-2386, 10/1/08 (postal metered 9/19/08, dated 9/18/08); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2008-KH-2386, 10/1/08 (showing postal meter of 9/19/08). In *Cordero*, the court addressed accusations by former Director of Central Staff Jerold B. Peterson, that during his tenure, the Louisiana Fifth Circuit issued summary dismissals without judicial review of pro se post-conviction writ applications.

[30]*State ex rel. Singleton v. State*, 999 So.2d 753 (La. 2009); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2008-KH-2386, 1/30/09.

[31]St. Rec. Vol. 1 of 3, Letter to Trial Court, 4/13/09 (dated 3/30/09).

[32]St. Rec. Vol. 1 of 3, Trial Court Order, 4/27/09.

[33]Rec. Doc. No. 4.

withheld exculpatory impeachment evidence in violation of *Brady*; and (3) the State knowingly used the perjured testimony of Detective Carroll and Roussell to obtain the conviction.

Based on the prior proceedings, the sole remaining ineffective assistance of counsel claim is based on counsel's failure to file a motion to reconsider the sentence which impeded review of the sentence on appeal. Although he labels his second claim as a "violation of *Brady*," he argues here, as he did in his state direct appeal, that the State allowed Roussell and Norman to give perjured testimony, which was contrary to the testimony given at the suppression hearing. In the third claim, he similarly argues that the State knowingly used Detective Carroll's and Roussell's perjured testimony at trial.

As referenced in the Court's prior report, the State filed a response in opposition to Singleton's petition arguing that his ineffective assistance of counsel claims had not been exhausted in the state courts and were otherwise without merit.[34] In addition, to the extent his second claim asserted a *Brady* issue, it was without merit. Finally, the State argued that Singleton's claim alleging that the State used perjured testimony was procedurally barred from review.

## IV.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[35] applies to this petition, which is deemed filed in this Court no later than

---

[34]Rec. Doc. No. 11.

[35]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

February 25, 2009.[36]   The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State initially argued that Singleton's ineffective assistance of counsel claims were not exhausted in the state courts.  The State also contends that Singleton's claims alleging the use of perjured testimony are procedurally barred from federal review.  Before proceeding to the substance of his claims, the Court is compelled to again address Singleton's failure to exhaust his remaining ineffective assistance of counsel claim.

## V.    The Exhaustion Doctrine

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419.  "A federal habeas petition should be

---

[36]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Singleton's federal habeas petition on April 28, 2009, when the filing fee was received.  Singleton signed the memorandum in support of his petition on February 25, 2009, in spite of the fact that some portion of his petition was dated March 10, 2009, a week after his motion to proceed as a pauper was filed.  Because the Court finds that his federal petition is timely, there is no need to resolve which date, if either, is the earliest date on which he could have delivered the packet of papers to prison officials for mailing.  The fact that he later paid the filing fee also would not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Furthermore, a prisoner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id.*, at 32.

In the prior report, the undersigned addressed Singleton's failure to exhaust all of his ineffective assistance of counsel claims, including the last remaining claim that counsel was ineffective for failure to file a motion to reconsider the sentence, which he claims impeded the depth

of the sentence review on direct appeal. Singleton argued in his prior objection,[37] and apparently to the Fifth Circuit,[38] that he was not required to exhaust this claim because there is no mechanism to do so under Louisiana law, which prohibits review of the ineffective assistance of counsel during the sentencing process, citing *State v. Cotton*, 45 So.3d 1030 (La. 2010).

Through his argument, Singleton apparently concedes what this Court has already found; that Singleton has <u>never</u> raised this ineffective assistance of counsel claim to <u>any</u> Louisiana court. Under the plain language of the applicable law, he has <u>not</u> exhausted state remedies on this claim. He did not raise the issue in his *pro se* supplemental appellate brief. He did not raise the claim on state post-conviction review. He instead presented the claim for the first time to this federal court. This clearly is an unexhausted claim.

Furthermore, his reliance on *State v. Cotton* is misplaced. In that opinion, the Louisiana Supreme Court prohibited post-conviction review of <u>habitual offender proceedings</u>, including claims of ineffective assistance of counsel arising therefrom, excessive sentence and other sentencing errors. *State v. Cotton*, 45 So.3d at 1030 (citing La. Code Crim. P. art. 930.3). In doing so, the Court specifically distinguished its prohibition from a defendant's ability to raised such errors on direct appeal of the sentencing judgment, citing La. Code Crim. P. art. 912(C)(1).

The Court in *State v. Cotton* addressed post-conviction review of a habitual offender proceeding. *State v. Cotton*, 45 So.3d at 1030. Singleton was not sentenced under Louisiana's habitual offender law like the defendant in *State v. Cotton*. He also did not present his ineffective

---

[37]Rec. Doc. No. 14.

[38]*See* Rec. Doc. No. 27.

assistance of counsel claim on post-conviction review for any such bar to have been imposed, or any possible exception thereto to have been considered.

Nevertheless, as shown in that opinion, Louisiana law did not prohibit Singleton or any other defendant from appealing his counsel's performance at the sentencing phase during his direct appeal. *Id*., at 1030-31. Instead, Louisiana law at La. Code Crim. P. art. 912(C)(1) specifically provides the right to challenge on direct appeal the judgment of the sentence, including the ineffective assistance of counsel for failure to file a motion to reconsider the sentence. *See e.g.*, *State v. Gordon*, __ So.3d __, 2012 WL 555146, at *3-4 (La. App. 3d Cir. Feb. 22, 2012); *State v. Jones*, __ So.3d __, 2011 WL 5175118, at *2 (La. App. 2d Cir. Nov. 2, 2011); *State v. Jenkins*, 45 So.3d 173, 176-77 (La. App. 4th Cir. 2010); *State v. Wolff*, 30 So.3d 897, 905-06 (La. App. 5th Cir. 2009); *State v. Myers*, 981 So.2d 214 (La. App. 5th Cir. 2008); *State v. Smith*, 969 So.2d 694, 700-01 (La. App. 3d Cir. 2007); *State v. Batiste*, 947 So.2d 810, 819-20 (La. App. 4th Cir. 2006); *State v. Blake*, 872 So.2d 602, 608-09 (La. App. 3d Cir. 2004); *see also*, *Hull v. Stalder*, 234 F.3d 706, 2000 WL 1598016, at *1 (5th Cir. Sep. 28, 2000) (Table, Text in Westlaw). Singleton did in fact have a state court remedy which he was required to exhaust before bringing his claim to this federal court.

Singleton has not exhausted this ineffective assistance of counsel claim brought in his federal petition. As previously reported, even when ineffective assistance of counsel is raised in the state courts, the claim is not exhausted where the petitioner did not raise or mention the same basis in the state court proceedings that are asserted in a federal petition. *See Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir. 2002) ("Because Ogan is now proceeding on a different theory than that advanced in the state habeas court, we find this ineffectiveness of habeas counsel claim to be unexhausted."); *Burns v. Estelle*, 695 F.2d 847, 849-50 (5th Cir. 1983) (factual bases underlying the ineffective

assistance of counsel claim were "significantly different" from those raised in state court, and therefore, were not exhausted). As also previously found, the record discloses no good cause for his failure to properly and fully exhaust his claims in the state courts, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Normally, the Court would recommend that Singleton's petition be dismissed without prejudice to allow him to pursue exhaustion of his claim in the appropriate state courts. However, unexhausted claims, those claims which were not "fairly presented" to the state courts, may be considered "technically" exhausted if the habeas petitioner is now prohibited from litigating those claims in the state courts because of some procedural rule. If that is so, then those "technically" exhausted habeas claims might be considered procedurally defaulted.

If a claim has not been adjudicated on the merits in state court, federal review of that claim may be barred by the doctrine of procedural default if the petitioner has failed to meet state procedural requirements for presenting his federal claims, thereby depriving the state courts of an opportunity to address those claims in the first instance. *See Cone v. Bell*, 556 U.S. 449, __, 129 S.Ct. 1769, 1780 (2009) (noting that, "[w]hen a petitioner fails to properly raise his federal claims in state court, he deprives the State of 'an opportunity to address those claims in the first instance' and frustrates the State's ability to honor his constitutional rights") (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). When state court remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. *See Coleman*, 501 U.S. at 722. "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would

now find the claims procedurally barred, . . . [then] there is a procedural default for purposes of federal habeas. . ." *Id.*, at 735 n. 1.

A petitioner has "technically exhausted" his claims if he fails to properly and timely present them to each level of the Louisiana courts and thereafter would be barred from seeking relief in those courts. *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir.1998) (citing *Coleman*, 501 U.S. at 731-33 and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995)); *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir. 1998). In such a case, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are "technically" procedurally defaulted and may be dismissed. *Id.*

In this case, it is reasonable to conclude that Singleton is now unable to litigate his remaining ineffective assistance of counsel claim in the Louisiana courts. As discussed above, his challenge to counsel's role at sentencing had to be brought on direct appeal, something he failed to do. As Singleton concedes, it is a long standing policy in Louisiana that challenges to sentencing matters, including ineffective assistance of counsel, are prohibited on post-conviction review. La. Code Crim. P. art. 930.3; *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996); *see also*, *Lee v. Cain*, No. 03-2626, 2004 WL 2984274 at *1 n.2 (E.D. La. Dec. 6, 2004) (Vance, J.) (addressing Art. 930.3 as applied to ineffective assistance of counsel claim); *Lott v. Miller*, No. 05-6046, 2008 WL 4889650, at *1 n.1 (E.D. La. Nov. 3, 2008) (Africk, J.) (applying Art. 930.3 to an ineffective assistance of counsel claim).

In addition, based on the record and the fact that he has already had a prior post-conviction application in the state courts, any attempt to litigate this claim now would likely be dismissed as

repetitive under La. Code Crim. P. art. 930.4(D) or (E)[39] or as time-barred by the provisions of La. Code Crim. P. art. 930.8.[40]  Therefore, the remaining ineffective assistance of counsel claim is now considered procedurally defaulted.  *Sones*, 61 F.3d at 416 (citing *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993)).  The procedural default doctrine bars federal habeas corpus review if the state courts would now refuse to address a habeas petitioner's unexhausted federal claims because litigation of those claims would be barred by state procedural rules.

Federal habeas review of a "technically" exhausted and now procedurally defaulted claim is barred ". . . unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750-51.  In this case, Singleton has other claims which are also in procedural default because they were denied on state procedural grounds.  Rather than be repetitive of the procedural default analysis, the Court will consider the standards of review for the procedural default of all of the claims in the next section of this report and recommendation.

## VI.   <u>Procedural Default</u>

Singleton's remaining claims are ineffective assistance of counsel for failure to file a motion to reconsider the sentence, the State withheld exculpatory *Brady* and impeachment evidence, and the State knowingly used the perjured testimony.  As discussed above, he raises the first claim here for the first time.  The Court has determined this ineffective assistance of counsel claim to be in

---

[39]Art. 930.4(D) provides that "[a] successive application may be dismissed if it fails to raise a new or different claim."  Art. 930.4(E) also provides "[a] successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application."

[40]Art. 930.8 provides a two-year period of limitations for filing applications for post-conviction relief and that period generally runs from the date that the applicant's judgment of conviction becomes final under Louisiana law, which for Singleton was in 2006.

procedural default as a result of his technical exhaustion in light of his inability to return to the State courts to exhaust in light of the provisions of La. Code Crim. P. art. 930.3 and *State ex rel. Melinie*.

The second and third claims were raised for the first time on direct appeal. The Louisiana Fifth Circuit denied relief on both claims, because the lack of a contemporaneous objection under La. Code Crim. P. art. 841(A) failed to preserve the claims for appeal. This was the last reasoned decision issued by any state court, since the Louisiana Supreme Court denied Singleton's subsequent writ application without stated reasons. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

Singleton raised these two claims again in his application for post-conviction relief. The Trial Court dismissed the claims as repetitive of the claims addressed on appeal pursuant to La. Code Crim. P. art. 930.4(A). The state courts' reliance on La. Code Crim. P. art. 930.4(A) to bar review of the post-conviction claims which were repetitive of matters addressed on appeal, is not a typical procedural bar; instead, it prevents <u>further</u> review of a claim previously raised on appeal. *Bennett v. Whitley*, 41 F.3d 1581, 1583 (5th Cir. 1994). For this reason, the bar imposed on post-conviction review does not affect this Court's habeas review, and instead requires this Court to assess the underlying basis for the denial of relief given on appeal. As indicated above, the initial basis for dismissal of these claims was the lack of a contemporaneous objection under La. Code Crim. P. art. 841(A).

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits

of the federal claim and adequate to support that judgment. *Coleman*, 501 U.S. at 731-32; *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32, *Amos*, 61 F.3d at 338. This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

The Court must consider whether the bars to review relied upon by the Louisiana courts prohibit consideration of the claims on federal habeas corpus review. For a state-imposed procedural bar to prevent review by this federal habeas court, the bar must be both independent and adequate.

A. **Independent and Adequate State Grounds Relative to the Ineffective Assistance of Counsel Claim**

With regard to Singleton's remaining ineffective assistance of counsel claim, under the doctrine of technical exhaustion as a procedural default, when a petitioner fails to properly raise his federal claims in state court, as Singleton has done here, he deprives the State of "an opportunity to address those claims in the first instance" and frustrates the State's ability to honor his constitutional rights. *Coleman*, 501 U.S. at 732, 748. Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the

state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review. *See Id.*, at 731.

**B.** **Independent and Adequate State Grounds relative to the *Brady* and Perjury Claims**

The Court next considers the procedural default of his *Brady* and perjured testimony claims based on the state courts' reliance on Louisiana procedural rules to deny relief. A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on a state procedural bar. *Amos*, 61 F.3d at 338.

The question of the adequacy of a state procedural bar is itself a federal question. *Beard v. Kindler*, __U.S.__, 130 S. Ct. 612, 617 (2009) (citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). To be adequate, the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Walker v. Martin*, __U.S.__, 131 S.Ct. 1120, 1127 (2011); *Glover*, 128 F.3d at 902. A state procedural rule, however, "can be 'firmly established' and 'regularly followed,' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard*, 130 S. Ct. at 618.

In evaluating the adequacy of the rules applied to bar a petitioner's claim, a federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); and citing *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996)); *accord Turner v. Johnson*, 46 F. Supp.2d 655, 674 (S.D. Tex. 1999). Rather, a federal court's analysis focuses on due process considerations, and due process requires only that the Court grant the writ when the errors of the state court make the underlying proceeding fundamentally unfair. *Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986) (citing *McAffee*

*v. Procunier*, 761 F.2d 1124, 1126 (5th Cir. 1985)); *Lane v. Jones*, 626 F.2d 1296 (5th Cir. 1980)).

In keeping with this rule, a state procedural rule that is applied arbitrarily or in an unexpected

manner may be considered inadequate to prevent federal review. *Martin v. Maxey*, 98 F.3d 844, 847

(5th Cir. 1996); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990).

> A federal court may not second-guess a state court's rule of procedure, but must
> evaluate whether the rule was actually applicable on the particular facts of the case.
> Otherwise, state courts could disregard federal rights with impunity simply by using
> the word "waived."

*United States ex rel. Bradley v. Clark*, No. 99-C-1785, 2002 WL 31133094, at *4 n.2 (N.D. Ill. July

18, 2002).

For this reason, when state courts apply a procedural bar that has no foundation in the record

or basis in state law, the federal courts need not honor that bar. *Davis v. Johnson*, No. 00CV684-Y,

2001 WL 611164, at *4 n.10 (N.D. Tex. May 30, 2001); *see also*, *Johnson v. Lensing*, No. 99-0005,

1999 WL 562728 at *4 (E.D. La. July 28, 1999) (Berrigan, J.) (Art. 930.8 bar was not adequate

because it was not properly applied under the circumstances of the case); *Poree v. Cain*, No. 97-

1546, 1999 WL 518843 (E.D. La. July 20, 1999) (Mentz, J.) (Art. 930.8 was not adequate to bar

review because it was misapplied). However, where such a basis exists in state law, as it does in this

case, the bar must stand.

In this case, the Louisiana courts denied relief on Singleton's *Brady* and perjury claims

finding that the lack of a contemporaneous objection under Louisiana law barred review of the

claims on appeal. Louisiana law, specifically La. Code Crim. P. art. 841(A) relied on by the state

courts, provides that "[a]n irregularity or error cannot be availed of after verdict unless it was

objected to at the time of occurrence." It is well settled that the "contemporaneous objection" rule

is an "independent and adequate" state procedural ground which bars federal habeas corpus review.

*Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977). The reasons for the state courts' dismissal of Singleton's claims, therefore, were independent of federal law and relied strictly on state procedural requirements. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

The failure to preserve a claim under La. Code Crim. P. art. 841 also is an adequate state grounds which bars review by the federal courts in a habeas corpus proceeding. *See*, *Toney v. Cain*, 24 F.3d 240, 1994 WL 243453, at *2 (5th Cir. May 20, 1994) (Table, Text in Westlaw); *Proctor v. Butler*, 831 F.2d 1251, 1253 (5th Cir. 1987); *Riggins v. Butler*, 705 F. Supp. 1205, 1208 (E.D. La. 1989); *Marshall v. Cain*, No. 04-219, 2006 WL 2414073, at *1 (E.D. La. Aug. 18, 2006) (Zainey, J.) (Order adopting Report and Recommendation); *accord*, *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir. 2002) (citing *Wainwright*, 433 U.S. at 87-88 (Louisiana's contemporaneous objection rule is an adequate state bar to federal review of a defaulted claims)). The procedural bar under La. Code Crim. P. art. 841 is also adequate in this case.

The Court recognizes that the Louisiana Fifth Circuit also commented on the lack of merit in the *Brady*/perjury claim. It is well settled, however, that "[a] state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim." *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999). The Court here need only consider the state courts' procedural basis for denial of relief.

Because the Louisiana courts' decision rested on an independent and adequate state rule of procedural default, this court will not review Singleton's claims.

## C. Cause and Prejudice

Whether technically or actually in procedural default, a federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id.*, at 486.

In this case, Singleton has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana courts. The Court's review of the record does not support a finding that any factor external to the defense prevented Singleton from raising the claim in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State which prevented him from doing so. In addition, neither pro se status nor ignorance of the law is sufficient cause to excuse a procedural default. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n.43). Having failed to show an objective cause for his default,

the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice. *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

Singleton's claims are therefore procedurally barred from review by this federal habeas corpus court. *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996) (habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), *vacated on other grounds*, 522 U.S. 87 (1998).[41]

### D.       Fundamental Miscarriage of Justice

Singleton may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tx. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 n. 33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.") When the petitioner has not adequately

---

[41]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not <u>required</u> to raise the procedural default argument sua sponte. *Id.*

asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Singleton does not present any claim and the record contains nothing that suggests his actual innocence on the underlying conviction. His claims address alleged procedural failings in the state criminal proceedings and not his actual innocence. He presents no evidence or argument of the kind of actual innocence that would excuse his procedural default. He, therefore, has failed to overcome the procedural bar to his claims. The claims are procedurally barred and should be dismissed with prejudice for that reason.

## VII.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Yul Singleton's request to dismiss and abandon his unexhausted ineffective assistance of counsel claims be **GRANTED** and the following claims be voluntarily **DISMISSED WITH PREJUDICE**: (1) counsel failed to investigate the basis for Norman's testimony or expose the plea deal between the State and Norman; (2) counsel allowed Singleton to be wrongfully convicted; (3) counsel failed to professionally perform his duty to represent Singleton; (4) counsel's failure to investigate and perform caused a meaningless appeal; (5) counsel failed to timely file pretrial motions for discovery and impeachment material related to Roussell and Norman and counsel failed to timely file for production of the initial police report; (6) counsel failed to adequately investigate by obtaining Norman's pretrial statement and the police report; and (7) counsel failed to file a pretrial motion to suppress Norman's perjured statements.

It is further **RECOMMENDED** that the remaining claims, alleging ineffective assistance of counsel for failure to file a motion to reconsider the sentence, the State withheld exculpatory

*Brady* and impeachment evidence, and the State knowingly used the perjured testimony, raised in Singleton's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[42]

New Orleans, Louisiana, this 16th day of March, 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[42]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.