UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YUL SINGLETON | CIVIL ACTION |
| VERSUS | NO. 09-3188 |
| LYNN COOPER | SECTION "I"(4) |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On March 16, 2012, the undersigned United States Magistrate Judge issued a Report and Recommendation recommending the dismissal with prejudice of petitioner Yul Singleton's 28 U.S.C. § 2254 habeas claims alleging that counsel was ineffective for failure to file a motion to reconsider the sentence, that the State withheld exculpatory *Brady* and impeachment evidence, and that the State knowingly used perjured testimony.[1] The recommendation was based on the Court's finding that Singleton failed to exhaust the ineffective assistance of counsel claim, and the claim was now in procedural default. Singleton's *Brady* and perjury claims also were found to be in procedural default. The Court further recommended that Singleton's other unexhausted claims be dismissed as abandoned pursuant to his voluntary request to do so.[2]

---

[1]Rec. Doc. No. 30.

[2]*Id.*, pp. 3-4; *see also*, Rec. Doc. Nos. 14 (Objection) and 27 (5th Cir. Judgment, No. 11-30325). The claims to be dismissed as abandoned are: (1) counsel failed to investigate the basis for Norman's testimony or expose the plea deal between the State and Norman; (2) counsel allowed Singleton to be wrongfully convicted; (3) counsel failed to professionally perform his duty to represent Singleton; (4) counsel's failure to investigate and perform caused a meaningless appeal; (5) counsel failed to timely file pretrial motions for discovery and impeachment material related to Roussell and Norman and counsel failed to timely file for production of the initial police report; (6) counsel failed to adequately investigate by obtaining Norman's pretrial statement and the police report; and (7) counsel failed to file a

On April 2, 2012, Singleton filed objections to the Magistrate Judge's Report and Recommendation challenging the Court's findings related to the procedural default of the ineffective assistance of counsel claim and the *Brady* claim.[3] The District Judge has referred the petitioner's objections to the undersigned for issuance of this Supplemental Report and Recommendation. To the extent necessary, the Court reiterates all of the standards of review, findings, conclusions, and recommendations which were thoroughly discussed in the prior Report and Recommendation (Rec. Doc. No. 30) and which are adopted as if fully restated herein.

I. **Objection Regarding the Claim of Ineffective Assistance of Counsel for Failure to File a Motion to Reconsider**

In both of the undersigned Magistrate Judge's prior reports[4], it was resolved that Singleton did not raise to any state court his claim of ineffective assistance of counsel for failure to file a motion to reconsider. He has never given the state court's the opportunity to consider the issue.

Singleton raised this claim to this federal court for the first time. As outlined in detail in the Report and Recommendation, the failure to exhaust has resulted in the procedural default of the claim, and it should be dismissed with prejudice for that reason. Singleton has not objected to the Court's finding that his claim is unexhausted. Singleton also has not objected to the Court's finding that his claim is in procedural default, and that he has not met any exception to that default which would require further review of his claim by this Court.

Instead, Singleton objects to the Court's statement that his reliance on *State v. Cotton*, 45 So.3d 1030 (La. 2010) is misplaced. He also suggests that his counsel's failure to file the motion

---

pretrial motion to suppress Norman's perjured statements.

[3]Rec. Doc. No. 31.

[4]*See* Rec. Doc. Nos. 13 and 30.

to reconsider forfeited his "right to pursue any sentencing issue on appeal."[5] He does not explain how or why this would in anyway forgive his failure to exhaust the ineffective assistance of counsel claim. Furthermore, the failure to file the motion to reconsider did not completely forfeit his right to state court review.

In addressing Singleton's excessive sentence claims on direct appeal, the Louisiana Fifth Circuit Court of Appeal properly stated the law in Louisiana on consideration of a sentence on appeal where no motion to reconsider was filed:

> LSA-C.Cr.P. art. 881.1(E) provides that "[f]ailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." *State v. Adair*, 04-120 (La. App. 5 Cir. 5/26/04), 875 So.2d 972, 974-975. This Court has reviewed a defendant's constitutional challenge of a sentence, in the absence of a motion to reconsider sentence. *Id*. However, the failure to file a motion to reconsider sentence or to state specific grounds upon which the motion is based, limits the defendant to a bare review of the sentence for constitutional excessiveness. *Id*.
> In the present case, the defendant did not file a motion for the trial court to reconsider his thirty-five year sentence for armed robbery; therefore, this Court is limited to a bare review of his sentence for constitutional excessiveness.

*State v. Singleton*, 923 So.2d 803 (La. App. 5th Cir. 2006).

Singleton did not forfeit nor was he denied review of his sentence. The state court did in fact thoroughly review his claim of excessiveness under constitutional standards on direct appeal in spite of the lack of a motion to reconsider. *Id*., 923 So.2d at 806-808. His suggestion that he was wholly barred from any review is incorrect.

Nevertheless, the point of import before this Court is Singleton's failure to exhaust and the resultant procedural default of this ineffective assistance of counsel claim. As discussed previously,

---

[5]Rec. Doc. No. 31, p. 2.

3

Singleton argued in his objections[6] to the Court's first Report and Recommendation (Rec. Doc. No. 13), and apparently again to the United States Fifth Circuit Court of Appeal in his prior appeal,[7] that he was not required to exhaust this claim because there is no mechanism to do so under Louisiana law, which he argued prohibits review of the ineffective assistance of counsel during the sentencing process, citing *State v. Cotton*.

As was explained to Singleton in the Court's latest Report and Recommendation (Rec. Doc. No. 30), *State v. Cotton* did not relieve him of his obligation to exhaust his sentencing-related ineffective assistance of counsel claim. In that opinion, the Louisiana Supreme Court prohibited **post-conviction review** of habitual offender proceedings, including claims of ineffective assistance of counsel during sentencing, excessive sentence and other sentencing errors. *State v. Cotton*, 45 So.3d at 1030 (citing La. Code Crim. P. art. 930.3). In doing so, the Louisiana Supreme Court specifically distinguished and noted that this **post-conviction** prohibition did **not** prevent a defendant from raising the sentencing errors on **direct appeal** of the sentencing judgment itself, citing La. Code Crim. P. art. 912(C)(1). *Id*.

It has been for sometime a well settled doctrine in Louisiana that La. Code Crim. P. art. 930.3 and cases like *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996) and its progeny, including *State v. Cotton*, prohibit challenges to sentencing errors, including ineffective assistance of counsel, on post-conviction review. *See also*, *State ex rel. Brown v. State*, 870 So.2d 976 (La. 2004); *Richardson v. Cain*, No. 07-2999, 2010 WL 1838642, at *11 (E.D. La. Apr. 1, 2010); *Wallace v. Cain*, No. 06-11271, 2009 WL 3367052, at *14 (E.D. La. Oct. 15, 2009) (Order adopting

---

[6]Rec. Doc. No. 14.

[7]*See* Rec. Doc. No. 27.

4

Report). This doctrine is based on state law, including La. Code Crim. P. art. 912(C)(1), which allows for sentencing matters to be raised on direct appeal, as was discussed in *State v. Cotton.*

In other words, Singleton's exhaustion obligation could have been met by presenting his sentencing-related ineffective assistance of counsel claim on direct appeal. *See e.g.*, *State v. Gordon*, __ So.3d __, 2012 WL 555146, at *3-4 (La. App. 3d Cir. Feb. 22, 2012); *State v. Jones*, __ So.3d __, 2011 WL 5175118, at *2 (La. App. 2d Cir. Nov. 2, 2011); *State v. Jenkins*, 45 So.3d 173, 176-77 (La. App. 4th Cir. 2010); *State v. Wolff*, 30 So.3d 897, 905-06 (La. App. 5th Cir. 2009); *State v. Myers*, 981 So.2d 214 (La. App. 5th Cir. 2008); *State v. Smith*, 969 So.2d 694, 700-01 (La. App. 3d Cir. 2007); *State v. Batiste*, 947 So.2d 810, 819-20 (La. App. 4th Cir. 2006); *State v. Blake*, 872 So.2d 602, 608-09 (La. App. 3d Cir. 2004); *see also*, *Hull v. Stalder*, 234 F.3d 706, 2000 WL 1598016, at *1 (5th Cir. Sep. 28, 2000) (Table, Text in Westlaw). This is something Singleton failed to do in spite of the fact that he filed a *pro se* appellate brief. There is no state law prohibiting Singleton from raising his sentencing-related ineffective assistance of counsel claim on direct appeal. *Cotton v. Cooper*, No. 11-0231, 2011 WL 5025311, at *11 (E.D. La. Sep. 14, 2011) (Moore, M.J.) ("Sentencing issues, including claims of ineffective assistance of counsel during sentencing, may be challenged in [Louisiana] state court via direct appeal."), report adopted by 2011 WL 5025295, at *1 (E.D. La. Oct. 21, 2011) (Africk, J.); *see e.g.*, *State v. Smith*, 734 So.2d 826, 834-835 (La. App. 4th Cir. 1999) (addressing sentencing related ineffective assistance of counsel on direct appeal); *State v. Burns*, 723 So.2d 1013, 1016-1017 (La. App. 4th Cir. 1998) (same).

In summary, contrary to Singleton's suggestion, there is no state law which would relieve him of his obligation to exhaust state remedies before seeking § 2254 review of this claim. His focus on the applicability *vel non* of *State v. Cotton* is misplaced and does not change the fact that

5

he has failed to exhaust state court remedies. His failure to do so has left his ineffective assistance of counsel claim in procedural default.

As was thoroughly discussed in the Report and Recommendation (Rec. Doc. No. 30), Singleton has failed to show cause for his default or any prejudice arising from the failure to consider the claim that would act to avoid the procedural default. He also has failed to allege or establish his actual innocence or any miscarriage of justice arising from this Court's failure to consider his defaulted ineffective assistance of counsel claim. Nothing he argues here alters the recommendation that his ineffective assistance of counsel claim be dismissed with prejudice as procedurally defaulted. His objection to the Court's Report and Recommendation (Rec. Doc. No. 30) should be overruled.

**II.     Objections Regarding the Claim that the State violated *Brady***

In another of the three claims addressed in the prior Report and Recommendation (Rec. Doc. No. 30), Singleton alleged that the State withheld exculpatory impeachment evidence, his co-defendant Lavelle Norman's prior statement to police and an agreement for a lesser sentence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

The Supreme Court in *Brady* required the State to produce exculpatory and impeachment evidence for reasons of due process. *Brady*, 373 U.S. at 87. The *Brady* disclosure requirement applies only to evidence that is exculpatory and material to guilt or that is favorable impeachment evidence. *Strickler v. Greene*, 527 U.S. 263, 282 (1999); *Brady*, 373 U.S. at 87. In addition, claims pursuant to *Brady* involve "'the discovery of evidence <u>after trial</u> of information which had been known to the prosecution but unknown to the defense.'" (emphasis added) *Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994) (*quoting United States v. Agurs*, 427 U.S. 97, 103 (1976)). "When

information is fully available to a defendant at the time of trial . . . , the defendant has no Brady claim." *United States v. Brown*, 628 F.2d 471, 473 (5th Cir. 1980). *Brady* does not place any burden upon the prosecution to conduct a defendant's investigation or assist in the presentation of the defense's case. *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990) (citations omitted).

Singleton first raised his *Brady* claim *pro se* on direct appeal to the Louisiana Fifth Circuit.[8] The Court barred review of the claim under La. Code Crim. P. art. 841(A) for lack of a contemporaneous objection when the statement was introduced by the State at trial.[9] The Louisiana Fifth Circuit also noted that Norman's statement had been introduced without objection at the hearing on the pretrial motion to suppress and also was relied upon by defense counsel to question Norman at trial.[10]

Based on this comment, the state appellate court apparently resolved that Norman's police statement was not *Brady* material at all, since it was made known and was available to Singleton's counsel prior to and during trial. *Accord Lawrence*, 42 F.3d at 257 (*Brady* only applies to matters discovered after trial); *Brown*, 628 F.2d at 473. Nevertheless, when Singleton raised this claim to this federal court on habeas review, the prevailing ruling by the state courts on the issue was the procedural bar under La. Code Crim. P. art. 841(A). *See Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999) ("A state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim."). Because of the imposition of the procedural bar, the undersigned Magistrate Judge resolved in the prior Report

---

[8]As previously reported, Singleton raised the claim again on state post-conviction review and it was dismissed at that time as repetitive of matters addressed on appeal under La. Code Crim. P. art. 930.4.

[9]*State v. Singleton*, 923 So.2d at 810.

[10]*Id*.

7

and Recommendation (Rec. Doc. No. 30) that Singleton's claim was procedurally barred and should be dismissed for that reason.

Singleton, citing *Graves v. Dretke*, 442 F.3d 334 (5th Cir. 2006), suggests that a *Brady* claim can never be procedurally barred for lack of a contemporaneous objection. He further argues, because the claim can not be barred, he is not required to show cause and prejudice or a fundamental miscarriage of justice to overcome the procedural bar since no such bar can be applied to his claim.

First and foremost, the *Graves* opinion does not hold or even address the notion that a procedural bar can not be imposed on a *Brady* claim. A proper reading of the language from *Graves* quoted by Singleton in his objection speaks instead of the standard of review to be used by a federal habeas court when reviewing a claim that was not addressed on the merits by a state court. *Graves*, 442 F.3d at 339. The specific language he relies on is as follows:

> Because these claims were not adjudicated on the merits in State court, a prerequisite for the applicability of 28 U.S.C. 2254(d), the heightened standard of review provided by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") does not apply.

*Id*.

The *Graves* court was addressing the lower court's denial of habeas relief on a *Brady* claim that was reviewed on the <u>merits</u>. As recited in that opinion, the *Brady* claim was originally dismissed as procedurally barred by the federal district court. *Id*. The procedural bar was imposed, because the claim had been raised to the Texas state courts in a repetitive writ application that was dismissed by the state courts as an abuse of the writ. *Id*. On appeal from that ruling, the United States Fifth Circuit granted a certificate of appealability finding that Graves had established cause for his procedural default of the *Brady* claim, and as a result, the Court remanded the matter for consideration of the claim on the merits. *Id*., at 339 n.3. In the opinion cited and quoted by

8

Singleton, the Fifth Circuit was addressing Graves's appeal from the district court's <u>merits</u> review of the *Brady* claim. In doing so, the Fifth Circuit set forth the appropriate standard of that <u>merits</u> review. Because the claims had been dismissed by the state courts on procedural grounds, the standards of a merits review provided for under the AEDPA could not be applied; there was no opinion to which the Court could give deference. Hence, the Court turned to the standard of review quoted in the language above.

To further explain the *Graves* court's statement, the Court is reminded that the standards of review under the AEDPA at 28 U.S.C. § 2254(d) are deferential standards, relying upon the merits review done by the state courts on the constitutional issue. That provision, along with the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000), provide different standards for questions of fact, questions of law, and mixed questions of fact and law. Each of these standards rely upon determinations made by the state courts in resolving these questions. *Id*. A state court's determinations of questions of fact are presumed correct and the court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA, which provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485.

In a situation like that in *Graves*, there was no state court opinion to which the Court could give deference. As a result, the Court was called upon to return to the pre-AEDPA standards of *de*

*novo* review. *See Henderson v. Cockrell*, 333 F.3d 592, 598 (5th Cir. 2003) (citing *Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying *de novo* standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); *see also*, *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009). The *Graves* statement cited by Singleton had nothing to do with whether a *Brady* claim was subject to procedural default.

Instead, the courts have long settled that, because an "important interest in finality [is] served by state procedural rules, and . . . significant harm to the States . . . results from the failure of federal courts to respect them," procedural default occurs where a state court expressly bases its dismissal of a claim on an independent and adequate state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 750, 735 n.1 (1991). Under this well supported doctrine, there exists no prohibition by any federal court to the imposition of a state procedural bar on a *Brady* claim. In fact, the Supreme Court has repeatedly recognized that a state procedural default, even one based on failure to make a contemporaneous objection, will bar consideration of *Brady* claims on federal habeas review, unless the petitioner can show cause and prejudice or a fundamental miscarriage of justice to excuse the state imposed default. *Murray v. Carrier*, 477 U.S. 478, 485-489 (1986) (counsel's failure to make contemporaneous objection was not cause to overcome state imposed procedural bar); *see also*, *e.g.*, *Strickler v. Greene*, 527 U.S. 263, 279-283 (1999) (addressing procedural default of *Brady* claim for failure to timely raise the claim); *Gray v. Netherland*, 518 U.S. 152, 160-162 (1996) (addressing procedural default of unexhausted *Brady* claim); *see also*, *Moore v. Quarterman*, 534 F.3d 454, 463-464 (5th Cir. 2008) (addressing procedural default of *Brady* claim submitted in a state petition barred as successive); *Nixon v. Epps*, 111 Fed. Appx. 237, 244-246 (5th Cir. 2004)

(addressing procedural bar of *Brady* claim not timely raised in state courts). The very premise of Singleton's objection is therefore legally faulted.

There is no prohibition to the procedural bar of Singleton's *Brady* claim. As discussed in more detail in the Report and Recommendation, the procedural default of Singleton's *Brady* claim was subject to the cause and prejudice analysis, which Singleton failed to meet.[11] He also has not shown that a fundamental miscarriage of justice would occur if the merits of his claim are not reviewed.[12] Furthermore, Singleton has not objected to these findings and nothing in his objection alters the recommendations already made by this Magistrate Judge. Singleton's objection should be overruled.

### III.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Yul Singleton's Objections (Rec. Doc. No. 31) to the Report and Recommendation (Rec. Doc. No. 30) be **OVERRULED**.

It is further **RECOMMENDED**, based on the Report and Recommendation (Rec. Doc. No. 30) as supplemented herein, that Singleton's request to dismiss and abandon his unexhausted ineffective assistance of counsel claims be **GRANTED** and that his unexhausted ineffective assistance of counsel claims be voluntarily **DISMISSED WITH PREJUDICE**: (1) counsel failed to investigate the basis for Norman's testimony or expose the plea deal between the State and Norman; (2) counsel allowed Singleton to be wrongfully convicted; (3) counsel failed to professionally perform his duty to represent Singleton; (4) his failure to investigate and perform caused a meaningless appeal; (5) counsel failed to timely file pretrial motions for discovery and

---

[11]Rec. Doc. No. 30, p. 23-24.

[12]*Id.*

impeachment material related to Roussell and Norman and counsel failed to timely file for production of the initial police report; (6) counsel failed to adequately investigate by obtaining Norman's pretrial statement and the police report; and (7) counsel failed to file a pretrial motion to suppress Norman's perjured statements.

It is further **RECOMMENDED** that, based on the Report and Recommendation (Rec. Doc. No. 30) as supplemented herein, Singleton's § 2254 claims asserting that counsel was ineffective for failure to file a motion to reconsider the sentence, that the State withheld exculpatory *Brady* and impeachment evidence, and that the State knowingly used the perjured testimony be **DENIED** and **DISMISSED WITH PREJUDICE** as procedurally barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[13]

New Orleans, Louisiana, this 13th day of April, 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[13]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.